******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DURANTE BEST *v.* COMMISSIONER
OF CORRECTION
(AC 46421)

Elgo, Moll and Suarez, Js.

*Syllabus*

The petitioner, who previously had been convicted of, inter alia, murder, sought a writ of habeas corpus. The habeas court refused to accept for filing the petitioner's untimely amended petition. The habeas court rendered judgment dismissing the petition on its own motion pursuant to the applicable rule of practice (§ 23-29), and the petitioner appealed to this court, claiming that the habeas court erred in refusing to accept his untimely amended petition. *Held* that the appeal was dismissed as moot because there was no practical relief that this court could afford the petitioner in light of a second habeas action that the petitioner had filed, which alleged the same counts set forth in the untimely amended petition.

Argued May 28—officially released July 9, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Robert L. O'Brien*, assigned counsel, with whom, on the brief, was *Christopher Y. Duby*, assigned counsel, for the appellant (petitioner).

*Alexander A. Kambanis*, deputy assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, and *Patrick James*, former deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Durante Best, appeals, following the grant of his petition for certification to

appeal, from the judgment of the habeas court dismissing, on its own motion pursuant to Practice Book § 23-29 (1) and (2), his petition for a writ of habeas corpus filed on October 5, 2017, which challenged only the structure of his sentence on the convictions that were affirmed by this court after his first criminal trial.[1] On appeal, the petitioner claims that the court erred, on January 11, 2023, in refusing to accept for filing his untimely amended petition dated January 6, 2023 (amended petition). The three count amended petition asserted claims of ineffective assistance of trial counsel, involuntary confession, and interference with the right to counsel. In March, 2023, the petitioner commenced a second habeas action, captioned *Best* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-23-5001445-S, in which the petitioner filed an amended petition dated April 16, 2024, which includes, but is not limited to, the three counts set forth in the amended petition at issue in this appeal.[2] Because there is no practical relief in the

---

[1] A recitation of the factual background, which is not necessary to repeat in this opinion, is set forth in *State* v. *Best*, 337 Conn. 312, 314–16, 253 A.3d 458 (2020). By way of procedural background, it suffices to state that, following the petitioner's first criminal trial, he was convicted of one count of murder in violation of General Statutes § 53a-54a (a), two counts of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and criminal possession of a firearm in violation of General Statutes § 53a-217 (a). See *State* v. *Best*, 168 Conn. App. 675, 676, 146 A.3d 1020 (2016), cert. denied, 325 Conn. 908, 158 A.3d 319 (2017). The judgment of conviction was reversed as to one count of murder, one count of attempted murder, and one count of assault in the first degree, and the case was remanded for a new trial on those counts; the judgment was otherwise affirmed. Id., 689. Following the petitioner's second criminal trial, "the jury found the [petitioner] guilty of the crimes charged [in the remanded counts]. The trial court sentenced the [petitioner] to a total effective sentence of forty years imprisonment, to be served consecutive to the sentence imposed on the counts . . . that remained intact following his first jury trial." *State* v. *Best*, supra, 337 Conn. 316. Thereafter, our Supreme Court affirmed the judgment of conviction. Id., 325.

[2] Following oral argument before this court, we ordered, sua sponte, the parties to file supplemental memoranda addressing whether the pendency of

present appeal that we can afford the petitioner, we dismiss the appeal as moot. See *Hodge* v. *Commissioner of Correction*, 225 Conn. App. 343, 349–50, A.3d    (2024).

The appeal is dismissed.

the petitioner's second habeas action, and/or any activity occurring therein, rendered this appeal moot. Although both parties agree that the mootness doctrine applies, the petitioner maintains that the capable of repetition, yet avoiding review exception to the mootness doctrine also applies. We are unpersuaded.